```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                     AT CHARLESTON
```

**WESTFIELD INSURANCE COMPANY,**

      Plaintiff,

v.                                      Civil Action No. 2:17-01269

**STEVEN R. MATULIS, M.D.;
CHARLESTON GASTROENTEROLOGY
ASSOCIATES, P.L.L.C., T.W., K.H.,
T.F., J.L., A.G., B.D., A.H.,
A.M., C.S., and J.W.,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant J.W.'s motion to dismiss the complaint for declaratory relief, pursuant to Rules 12(b)(6) and 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, filed on March 24, 2017.  Plaintiff Westfield Insurance Company (hereinafter "Westfield") filed a timely response in opposition to the motion on April 7, 2017.

### I.   Facts

According to the complaint, defendant J.W. is one of several West Virginia residents asserting that they have had colonoscopies performed by co-defendant Steven R. Matulis, M.D., in Charleston, Kanawha County, West Virginia.  It is alleged that a number of the patient defendants, designated by their

initials, have claimed that while they were under anesthesia, Dr. Matulis sexually assaulted them or inappropriately placed his hands upon them, and that he performed their procedures while distracted or impaired. A number of the patient defendants have filed civil actions against Dr. Matulis in the Circuit Court of Kanawha County, West Virginia (although J.W. states in her motion to dismiss that she is not one of them). One or more of the patients have sought to assert class claims. These civil actions include claims against defendant Charleston Gastroenterology Associates, PLLC (hereinafter "Charleston Gastroenterology"), with which Dr. Matulis was affiliated.

According to Westfield's response to the motion, in April of 2016, J.W. submitted formal Notices of Claim to both Dr. Matulis and Charleston Gastroenterology, pursuant to Section 55-7B-6 of West Virginia Code, which requires such notice at least thirty days prior to filing a medical professional liability action (ECF No. 51, at 6-7). Westfield's response states that J.W. asserted that she is "entitled to damages for the alleged conduct of Dr. Matulis and/or Charleston Gastroenterology," and that had it not been for the filing of the Notices of Claim, Westfield would have had "no way to include [J.W.] as a party defendant" (ECF No. 51, at 7).

Westfield alleges that it issued a policy of liability insurance, Policy No. BOP3157951, to Charleston Gastroenterology. The policy purports to provide liability coverage for damages because of "bodily injury," "property damage" or "personal and advertising injury," subject to specified exclusions. On Westfield's construction, the patients' claims do not fall within the scope of the policy's coverage on its face, and are also barred by the policy's exclusions. Accordingly, Westfield seeks a declaratory judgment stating that its policy does not provide coverage for claims in connection with the alleged sexual assault and/or provision of inadequate medical care of the patient co-defendants, including any class actions, and that plaintiff does not owe its insured Charleston Gastroenterology or Dr. Matulis a duty to defend or indemnify either of them against such claims.

In a memorandum in support of her motion to dismiss, J.W. claims that the suit against her rests on a speculative and hypothetical premise because she has not filed an action that would implicate the scope of the insurance policy.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P.

8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).

The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III. Discussion

J.W. claims that plaintiff's request for declaratory relief is not ripe for adjudication because it fails to allege an actual, justiciable controversy between the two parties. The memorandum in support of the motion (ECF No. 41) notes that jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, is discretionary. It further argues that the court is called upon to render an opinion on a purely hypothetical matter.

Westfield counters that because J.W. submitted formal notices of claim to both Dr. Matulis and Charleston Gastroenterology, her claim is not "hypothetical" and is in fact ripe for a declaratory judgment action. Westfield also notes that in circumstances such as these, "declaratory judgment actions are routinely filed to resolve disputes which have not yet resulted in litigation between a claimant and an insured or a judgment against an insured, when the insurer recognizes a need to protect its rights" (ECF No. 51, at 7).

Given the filing of the notices of claim and the factual commonalities among the claims of various patients, the court does not deem the dispute a hypothetical one. The West Virginia State Supreme Court of Appeals noted in the case of Christian v. Sizemore, 383 S.E.2d 810 (W. Va. 1989): "Where the coverage question is separable from the issues in the underlying tort action, it should ordinarily be decided first, as it often may be dispositive of a personal injury litigation." Id., 383 S.E.2d at 814. The court explained further: "Declaratory judgment also provides a prompt means of resolving policy coverage disputes so that the parties may know in advance of the personal injury trial whether coverage exists." Id.

Under West Virginia law, the duty to defend is broader than the duty to indemnify, and its scope is determined by the underlying complaint in the damages action, and not by the outcome of the litigation. See Bowyer v. Hi-Lad, Inc., 609 S.E.2d 895, 912 (W. Va. 2004). Accordingly, there is no need to wait for the resolution of the damages suit for a declaratory action to clarify the extent of the insurer's duty.

Indeed, it is well established in this circuit that a district court need not wait until the resolution of an underlying damages action in state court to determine the scope of an insurer's liability. To aid district courts in deciding

6

whether to abstain from exercising jurisdiction over such declaratory actions, the Fourth Circuit has proposed a suggestive four-factor test. The factors are:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.
> <u>Penn–Am. Ins. Co. v. Coffey</u>, 368 F.3d 409, 412 (4th Cir. 2004) (quoting <u>Nautilus Ins. Co. v. Winchester Homes, Inc.</u>, 15 F.3d 371, 377 (4th Cir. 1994)).

None of these <u>Nautilus</u> factors tilt in favor of J.W.'s position. While the state has an interest in having such issues decided in its courts, the state benefits from the use of federal judicial resources in resolving those same issues. There is no reason to believe that the state courts could resolve the issues any more efficiently than the federal courts. Indeed, if J.W. were severed from this action and proceeded against by Westfield in state court, the dual actions would become the height of inefficiency. Inasmuch as the issues in this proceeding are ones of law having to do with the interpretation of the insurance policy, there is little to no risk of unnecessary entanglement of issues of fact and law between the state and federal courts. Finally, this action is not mere procedural fencing but a reasonable effort to obtain a

7

prompt resolution of the scope and limitations of the coverage of the policy at issue.

The Fourth Circuit has pointed out that a declaratory judgment action is appropriate when the "judgment will serve a useful purpose in clarifying and settling the legal relations in issue." Penn-Am., 368 F.3d at 412 (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).  In sum, the court believes that retaining jurisdiction is proper, particularly since J.W.'s claim is not "hypothetical" and potentially bifurcating the proceedings would be inefficient and run counter to the purposes of declaratory relief.  Accordingly, J.W.'s motion to dismiss is denied.

The Clerk is requested to transmit this order to all counsel of record and to any unrepresented parties.

    ENTER: October 26, 2017

John T. Copenhaver, Jr.
United States District Judge